IN THE EIGHTEENTH JUDICIAL CIRCUIT
BREVARD COUNTY, FLORIDA

ROY ROSSINI,

    Plaintiff

v.

    Case No. 05-_Muller_

RICHARD MULLER,

    Defendant.

_____/

05-2006-CA-008105-XXXX-XX

## COMPLAINT

The Plaintiff, **ROY ROSSINI**, by and through his undersigned counsel, sues Defendant, **RICHARD MULLER**, for injunctive relief, and damages and would allege:

### General Allegations

1. Defendant's actions and inactions have caused Plaintiff damages well in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest, attorney's fees and costs.

2. That at all times material hereto, the events alleged herein occurred in or about Brevard County, Florida.

3. Roy Rossini now, and at all times relevant herein, is a resident of Brevard County, Florida.

4. Richard W. Muller now, and at all times relevant herein, is a resident of Cook County, Illinois.

5. At all times relevant herein, Defendant Richard Muller, conducted and continues to conduct business in Brevard County, Florida.



6. The Florida limited liability company known as CHAMPENAE DEVELOPMENT, L.C. (the "Company") was filed on August 27, 2002 with the Florida Department of State. (The Articles of Organization are attached as Exhibit A.)

7. The parties initiated the Company for the purpose of developing real estate for sale to the general public.

8. The real estate located at 3445 South Atlantic Avenue, Cocoa Beach, Florida 32931 (the "Project") is owned by the Company and is being developed for the purpose of sale of units therein to the general public. (See Legal Description attached as Exhibit "B".)

9. The only members of the Company are managing members being Plaintiff and Defendant above. (See Exhibit C attached.)

10. The registered agent for the Company is John L. Soileau, Esquire of Cocoa, Florida.

11. The builder for the Project is The Scales Company of Brevard, Inc (the "Builder").

12. The managing members of Champenae Development, L.C. are the co-signatories on all bank accounts.

13. Defendant, as managing member and co-signatory of Champenae Development, L.C. bank account refused to pay vendors and, therefore, work at the Project stopped.

14. After Defendant was advised by Plaintiff that certain alleged change orders with Builder were being reviewed and challenged, and therefore Defendant was not to execute said change orders and credits, Defendant thereafter entered into more

than $300,000.00 in change orders for work at the Project without Plaintiff's knowledge or approval.

15. Defendant's unilateral decision to bind the Company with more than $300,000.00 of debt, without seeking the advice and approval of Plaintiff, violated Plaintiff's entitlement to equal rights in the management and conduct of the Company's business, pursuant to Section 608.422(4)(a) and 608.4231, *Florida Statutes*.

16. Plaintiff and Defendant are deadlocked in the management of Company's affairs, Defendant is unwilling to work with Plaintiff to break the deadlock, and as such irreparable injury to the Company has occurred and continues.

17. Pursuant to Section 608.4229, *Florida Statutes*, Defendant's actions in binding the Company with more than $300,000 of unauthorized debt, and in failing to cooperate with Plaintiff, and in failing to pay Company vendors constitutes willful misconduct and a conscious disregard for the best interests of the Company, subjecting Defendant to sole liability for all debt incurred in the Company name with Builder, and further solely subjecting Defendant to the payment of costs and fees incurred by the necessity of bringing this action.

18. Defendant refuses to enter into a written operating agreement for the Company with Plaintiff.

19. Defendant is not a majority in interest member of the Company, and as such does not have the right to individually make controlling decisions with regard to matters relating to the business of the Company, in violation of Section 608.422, *Florida Statutes*.

20. Defendant's unauthorized actions affect the property rights of the Projects' owners in that each of Defendant's decisions to economically obligate the Company will eventually affect ownership interest in the Project.

21. Jurisdiction in the Circuit Court is appropriate pursuant to Section 608.421 *Florida Statutes*.

22. Plaintiff has retained the law firm of Gordon & Cornell to represent him in this matter and is obligated to pay it a reasonable fee for its services.

## COUNT I

### [INJUNCTIVE RELIEF ON AN EMERGENCY BASIS]

23. Plaintiff repeats and realleges the common allegations contained in paragraphs 1 through 22 as if set forth fully herein

24. As a result of Defendant's actions and inactions described herein, pursuant to Section 608.449, *Florida Statutes* (2005), this Court has jurisdiction to:

(a) dissolve the Company;

(b) issue injunctions;

(c) appoint a receiver or custodian *pendent lite* with all powers and duties as the court directs;

(d) take other action required to preserve the limited liability company's assets wherever located; and

(e) carry on the business of the limited liability company until a full hearing can be held;

all pursuant to Section 608.4491, *Florida Statutes* (2005).

25. This is an action for injunctive relief and for the appointment of a Receiver or custodian *pendente lite* to review work completed and to pay subcontractors therefor.

26 Plaintiff is entitled to relief against Defendant upon the following facts and elements for injunctive relief:

(a) There is now due, owing, and unpaid from Defendant to vendors of the Project the sum of ONE HUNDRED FOURTEEN THOUSAND TWO HUNDRED FIFTY DOLLARS ($114,250.00) for work performed or to be performed on the Project.

(b) Defendant refused to pay the vendors.

(c) Defendant's actions may cause the Project to be in jeopardy of defaulting on loan payments to BB&T, the "Bank".

(d) Defendant has failed to cooperate with Plaintiff in management decisions regarding business of the company.

(e) Defendant has obligated the Company to more than $300,000 of unauthorized debt, as more full described herein;

(f) As a proximate result of Defendant's actions or failure to act, Plaintiff's reputation has been adversely affected in the community and Plaintiff is suffering damages arising from such adverse affect.

(g) The Project is in jeopardy of default due to Defendant's actions and inactions.

(h) The Company will be irreparably harmed by actions of Defendant if Defendant is allowed to continue making unilateral decisions on behalf of the Company.

(i)     Plaintiff is an equal owner in the Company, and as such has a clear legal right to be included in all decisions of finance regarding the Company.

(j)     Without the Court's intervention by way of granting injunctive relief, there is inadequate remedy at law, in that:

　　(i)     Defendant could make further unauthorized decisions binding the Company and endangering the Project;

　　(ii)    The extent of damage that Defendant could cause by making unauthorized decisions will cause irreparable injury to Plaintiff, the general public, the Company and others.

(k)     Because Defendant's actions affect the property rights of others with regard to ownership interest in the Project, the Court's granting temporary and permanent injunctive relief will beneficially serve public interest.

27.    Plaintiff believes that a Receiver or custodian pendente lite (hereinafter "Receiver") should be appointed immediately on an emergency basis, and thereafter on a permanent basis and would recommend either Jerry Crane of Duane A. Watson Real Estate or Duane Watson of Duane A. Watson Real Estate, be appointed herein.

28.    Plaintiff requests that Receiver be responsible for:

(a)     the day-to-day approval of work and payment of subcontractors;

(b)     the approval of all draws by Builder;

(c)     the procurement of satisfaction and waiver of liens from Builder and subcontractors with regard to payment for work performed on the Building;

(d)     to facilitate closings of the units in the Project;

(e)     the handling of all post construction activities of the Company;

6

(f) and the post construction disbursement of net proceeds (after payment of all reasonable Company obligations) to Plaintiff and Defendant in a fifty/fifty proportionate share;

(g) and for all other duties and responsibilities as imposed by the Court as determined to be reasonable and necessary, including but not limited to the costs of this action, attorney's fees and damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order on an emergency basis providing injunctive and other relief as is just and equitable under the circumstances.

## COUNT II

### (BREACH OF ORAL CONTRACT)

29. Plaintiff repeats and realleges the common allegations contained in paragraphs 1 through 22 above, as if set forth fully herein.

30. The plaintiff is entitled to relief against the Defendant upon the following facts:

(a) The parties entered into an oral agreement on or about August 27, 2002 regarding the duties and responsibilities of the managing members of the Company.

(b) Defendant has failed to comply with the oral agreement to the extent that the parties agreed to cooperate in the day-to-day operation and management of the Company; however, Defendant refused to cooperate with Plaintiff in such day-to-day management of the Company, to wit:

(i)  Defendant refused to pay vendors for work performed in conjunction with the building of the Project;

(ii)  Defendant submitted false invoices for payment of work not completed in conjunction with the Project; and

(iii)  Defendant executed work change orders in conjunction with the Project when specifically instructed not to execute the work change orders.

31.  There is now due and owing, or will be due and owing in the future, from Defendant to Plaintiff certain sums in the amount of ten percent (10%) of net proceeds of each unit sold, pursuant to the August 27, 2002 oral contract between the parties, which specified that Plaintiff was to receive such payments.

32.  Defendant refuses to pay Plaintiff, and Plaintiff is fearful that Defendant will refuse to pay in the future, the sums referred to above

33.  As a direct and proximate result of Defendant's actions and inactions, Plaintiff suffered and will continue to suffer damages to his reputation and business, economic and non-economic, all in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

**WHEREFORE**, Plaintiff respectfully demands that this Court enter an order against Defendant requiring that Plaintiff be reimbursed all economic damages, granting Plaintiff's attorney's fees and costs, and granting the Plaintiff such other relief as is just and equitable under the circumstances.

## COUNT III

(Breach of Fiduciary Duty)

34. Plaintiff repeats and realleges the common allegations contained in paragraphs 1 through 22 above, as if set forth fully herein.

35. Defendant's actions and inactions, in that Defendant refused to cooperate with Plaintiff in the day-to-day management of the Company, by:

(i) refusing to pay vendors for work performed in conjunction with the building of the Project; thus significantly delaying completion of the Project;

(ii) submitting false invoices for payment of work not completed in conjunction with the Project; and

(iii) executing work change orders in conjunction with the Project when specifically instructed not to execute the work change orders,

as well as such other failures, actions or inactions not currently known, but as may be discovered in the future.

36. Defendant's actions or inactions set forth hereinabove were outside the scope of his authority, were in direct conflict with a request of a co-member to wit Plaintiff herein, were not in the best interest of the Company, were an unauthorized action, a conflict of interest, and represented a breach of loyalty and a breach of duty of care to the Company, thus were a breach of fiduciary duty owed to Plaintiff.

37. As a direct and proximate result of Defendant's actions and inactions, Plaintiff suffered and will continue to suffer damages to his reputation and business,

9

economic and non-economic, all in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

**WHEREFORE**, Plaintiff respectfully demands that this Court enter an order against Defendant requiring that Plaintiff be reimbursed all economic land non-economic losses, granting Plaintiff's attorney's fees and costs, and granting the Plaintiff such other relief as is just and equitable under the circumstances.

Dated this _13th_ day of January, 2006.

**GORDON & CORNELL**

Jason M Gordon
103 North Atlantic Ave.
Cocoa Beach, Florida 32931
(321) 799-4777
FL. Bar No. 966142

SWORN TO AND VERIFIED THIS _____ DAY OF JANUARY, 2006.

ROY ROSSINI -

10

## EXHIBIT LIST

EXHIBIT A          ARTICLES OF ORGANIZATION

EXHIBIT B          LEGAL DESCRIPTION

EXHIBIT C          2005 LIMITED LIABILITY COMPANY ANNUAL REPORT

PLEASE READ ALL INSTRUCTIONS BEFORE COMPLETING THIS FORM.

**LIMITED LIABILITY COMPANY REINSTATEMENT**

FLORIDA DEPARTMENT OF STATE
Secretary of State
DIVISION OF CORPORATIONS

**FILED**
04 MAY -5 PM 4: 08
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

DOCUMENT # L020000022200

1. Limited Liability Company's Name: Champenae' Development LC

2. Principal Office Address: 2913 Indian River Dr
Suite, Apt. #, etc.:
City & State: Cocoa, Fl
Zip: 32922
County: Brevard

3. Mailing Office Address: 2913 Indian River Dr
Suite, Apt. #, etc.:
City & State: Cocoa, Fl
Zip: 32922
County: Brevard

900035531969

4. State/County of Formation: Florida
5. Date Organized or Qualified To Do Business in Florida: 08/27/2002
6. FEI Number: 54-2073883
7. CERTIFICATE OF STATUS DESIRED ☑

8. Name and Address of Current Registered Agent
Name: Soileau, John L. Esquire
Street Address (P.O. Box Number is Not Acceptable): 3490 N. Highway US 1
Suite, Apt. #, Etc.:
City: Cocoa
State: FL
Zip Code: 32923-6007

9. I, being appointed the registered agent of the above named limited liability company, am familiar with and accept the obligations of Chapter 608, F.S.
Signature of Registered Agent: John L Soileau
REGISTERED AGENT MUST SIGN
Date: 04/26/2004

10. Names and Street Addresses of Managing Members/Managers

| Titles | Name of Managing Members/Managers | Street Address of Each Managing Member/Manager | City / State / Zip |
|---|---|---|---|
| MGRM | Rossini, Roy | 2913 Indian River Dr | Cocoa, Fl 32922 |
| MGRM | Muller, Richard | 165 N. Canal St, Suite 1525 | Chicago, Il 60606 |
| | | | |
| | | | |

**REINSTATEMENT 2003-2004**

11. I certify that I am managing member/manager or the receiver or trustee empowered to execute this application as provided for in chapter 608, F.S. I further certify that when filing this reinstatement application the reason for dissolution has been eliminated, the limited liability company name satisfies the requirements of section 608.406, F.S., and that all fees owed by the limited liability company have been paid. The information indicated on this application is true and accurate, and my signature shall have the same legal effect as if made under oath.

Signature of Managing Member/Manager: [signature]
Date: 04/26/04
Daytime Phone #: 321-504-0674
Typed or printed name of signing Managing Member/Manager: Roy Rossini

**L02000022200**

# Law Offices
## WATSON, SOILEAU, DeLEO, BURGETT & PICKLES
A PROFESSIONAL ASSOCIATION
1970 MICHIGAN AVENUE, BUILDING C
POST OFFICE BOX 236007
COCOA, FLORIDA 32923-6007

VICTOR M. WATSON†
JOHN L. SOILEAU†
JOSEPH R. DeLEO
STACY L. BURGETT
TIMOTHY F. PICKLES
LUIS D. CARREJA

†BOARD CERTIFIED IN REAL PROPERTY LAW

TELEPHONE
(321) 631-1550

FACSIMILE
(321) 631-1567

FL LLC  CC
8/27

MJH

August 23, 2002

200007354542—6
-08/27/02--01011--001
****155.00  ****155.00

Florida Secretary of State
Division of Corporations
409 East Gaines Street
Tallahassee, Florida 32399

Re: Champenae Development, L.C.
    Our File No: 02-2327

Gentlemen:

Enclosed herewith please find the original executed and one copy of the Articles of Organization for a Florida Limited Liability Company, including a Certificate of Designation of Registered Agent/Registered Office for the above-referenced company. Upon filing, please return the certified copy.

Also enclosed is this firm's check in the amount of $155.00 to cover the following fees associated with filing:

| | |
|---|---|
| Articles of Organization and Registered Agent Designation | $ 125.00 |
| Certified copy of Articles | $  30.00 |
| Total Amount | $ 155.00 |

Should you have any questions regarding this filing, please do not hesitate to contact me.

Sincerely,

John L. Soileau

JLS:lsj

Enclosures

FILED
02 AUG 27 AM 8:57
SECRETARY OF STATE
TALLAHASSEE FLORIDA

## ARTICLES OF ORGANIZATION
## FOR
## FLORIDA LIMITED LIABILITY COMPANY

### ARTICLE I - NAME:

The name of the Limited Liability Company is: <u>CHAMPENAE DEVELOPMENT, L.C.</u>

### ARTICLE II - ADDRESS

The mailing address and street address of the principal office of the Limited Liability Company is:

        **Mailing:**    3913 Indian Rive Drive
                                Cocoa, FL 32922

        **Street:**     3913 Indian Rive Drive
                                  Cocoa, FL 32922

### ARTICLE III - REGISTERED AGENT

The name and mailing address of the registered agent and office is:

        **Name:**      John L. Soileau, Esquire

        **Street:**     1970 Michigan Avenue, Bldg. C
                                  Cocoa, Florida 32922

    Having been named as registered agent and to accept service of process for the above stated limited liability company at the place designated in this certificate, I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relating to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent as provided for in Chapter 608, F.S..

                                                                                                                8/03/02
                                                JOHN L. SOILEAU              Date

### ARTICLE IV - DURATION

The period of duration for the Limited Liability Company shall be perpetual.

### ARTICLE V - MANAGEMENT

The Limited Liability Company is to be managed by the members and the names(s) and address(es) of the managing member is:

**Richard Muller**         165 N. Canal Street, Suite 1525
                           Chicago, IL 60606

**Roy Rossini**            3913 Indian River Drive
                           Cocoa, FL 32922

### ARTICLE VI - ADMISSION OF ADDITIONAL MEMBERS

The right, if given, of the remaining members to admit additional member(s) and the terms and conditions of the admissions shall be:

All members must consent to admission of additional members of the company.

### ARTICLE VII - MEMBERS RIGHTS TO CONTINUE BUSINESS

The right, if given, of the remaining member(s) of the Limited Liability Company to continue the business on the death, retirement, resignation, expulsion, bankruptcy, or dissolution or a member or the occurrence of any other event which terminates the continued membership of a member in the Limited Liability Company shall be:

The remaining member(s) shall have the right to continue the business notwithstanding the death, retirement, resignation, expulsion, bankruptcy or dissolution of a member, or other event terminating a member's membership, provided all of the remaining member(s) consent in writing to such continuation.

In accordance with section 608.408(3), Florida Statutes, the execution of this document constitutes an affirmation under the penalties of perjury that the facts stated herein are true.

_____
Signature of a member or an authorized
representative of a member

ROY ROSSINI
Typed or printed name of signee